34(a)(2), and Second Circuit Local Rule 34(b).

**LI QING LI, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* United States Attorney General, Respondent.**

**Nos. 07–4541–ag (L), 08–5006–ag (Con).**

United States Court of Appeals, Second Circuit.

Nov. 18, 2009.

Attorney General Michael B. Mukasey as the respondent in this case.

Jay Ho Lee, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Channah M. Farber, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Li Qing Li, a native and citizen of the People's Republic of China, seeks review of the September 26, 2007 and September 15, 2008 orders of the BIA denying her motions to reopen. *In re Li Qing Li*, No. A077 281 016 (B.I.A. Sept. 26, 2007); *In re Li Qing Li*, No. A077 281 016 (B.I.A. Sept. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

■■■ The BIA did not err in denying Li's untimely motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). We have previously reviewed the BIA's consideration of evidence similar to that which Li submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions excusing the applicable time limitation or a reasonable possibility of persecution. *See Jian Hui Shao*, 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Further, while Li argues that the BIA ignored certain evidence, we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006). There is nothing in the BIA's decision compelling the conclusion that it failed to take into account Li's evidence. The evidence that Li argues the BIA ignored was not material to her claim because it either did not discuss the use of forced sterilizations or refer-

enced unattributed reports of forced abortions and sterilizations of individuals who live in provinces other than Li's native Fujian Province. *See Jian Hui Shao*, 546 F.3d at 160–61, 169–70. Moreover, the BIA did not err in declining to credit the more particularized evidence Li submitted—which was unauthenticated—based on the agency's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–47 (2d Cir.2007); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).